# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GERLACH, INC., | ) | Case No. 5:19-cv-01601 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| GERLACH MASCHINENBAU | ) | |
| GMBH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court are Plaintiff's and Defendants' motions for leave to file certain documents redacted and under seal in connection with their forthcoming motions for summary judgment. (ECF No. 67; ECF No. 68; ECF No. 69; ECF No. 70.) For the reasons that follow, the Court **GRANTS IN PART** and **PROVISIONALLY DENIES IN PART** the motions.

## DISCUSSION

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, "the district court's decision is not accorded the deference that standard normally brings." *Id.* To avoid abusing its discretion, the Sixth Circuit requires a district court faced with a motion to seal to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane*

*Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

This independent obligation exists regardless of any agreement or disagreement among the parties about sealing the records. *See Rudd Equip. Co v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). Taking up this independent obligation, district courts must weigh the interest of the parties, on the one hand, to keep information confidential, and on the other, the public's strong interest in "obtaining the information contained in the court record." *Shane Grp.*, 825 F.3d at 305 (citation and quotation omitted). "The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Id.* (quoting *Brown & Williamson*, 701 F.2d at 1179).

Overcoming this burden is "a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify seal. *See id.* In civil litigation, the most common categories of information that overcome this burden include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308.

To demonstrate sealing is necessary, the party seeking confidentiality must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support sealing. *Id.* at 305–06 (citation and quotation

omitted). Therefore, it is incumbent on the Court to review each document and the legal rationales the parties offer, and "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

This is an action for false designation of origin and unfair competition in violation of trademark laws. (*See* ECF No. 1.) The parties seek to redact and seal certain exhibits in connection with their summary judgment briefings. (ECF No. 67; ECF No. 68; ECF No. 69; ECF No. 70.) Although the parties moved separately, many of their requests overlap, and it does not appear either party opposes any requests of the other. The specific documents the parties seek to redact or seal are identified in the parties' motions and were provided to the Court and all counsel for review. The parties identified two broad groups of documents. First, those they wish to file redacted or sealed because they contain sensitive commercial and customer information. Second, those documents they wish to seal because the opposing party designated them "Attorneys' Eyes Only" under the protective order. The Court has reviewed the documents and the parties' reasons and authorities for redacting and sealing.

## I. Documents with Sensitive Commercial and Customer Information

For the reasons stated in the parties' motions, the Court finds, with one exception identified below, that the documents the parties request to be redacted or sealed contain proprietary and financial business information that should not be made publicly available. These documents include those identified in List 1 in Defendant's motion (ECF No. 67, PageID #604–05); the documents identified in List 3

3

in Plaintiff's motion (ECF No. 68, PageID #611); and the documents identified in List 5 in Plaintiff's supplemental motion (ECF No. 69, PageID #613–14). The interest of ensuring nonparties' access to the information that will be redacted or sealed is significantly less than in *Shane Group,* which involved the sealing of information necessary to unnamed class members to evaluate a class action settlement. *Shane Grp.*, 825 F.3d at 302. Given the nature of Plaintiffs' allegations and the absence of interested nonparties, the merits of redacting and sealing the documents outweigh the public's interest, if any, in making public the sensitive and private financial and business information. *NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793, at *2 (S.D. Ohio Sept. 23, 2016); *London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516**,** at *4 (S.D. Ohio Aug. 29, 2019). Accordingly, except for the document labeled Troester-Gerlach GMG 001664, identified in List 1, the documents in Lists 1, 3, and 5 may be filed redacted or under seal pursuant to Local Rule 5.2 and this Order. The documents, not including GMG 001664, may be redacted or sealed as set forth in the parties' motions, except that Paragraph 12 of the document labeled GMG 1618–25 shall not be redacted. The document is a purchase contract and Paragraph 12 provides the terms for alterations to the contract and instructions for clauses deemed ineffective. The paragraph does not appear to contain any sensitive information or terms that satisfy the *Shane Group* standard.

Defendants claim the document GMG 001664 merits sealing because "it contains non-public and commercially sensitive information." (ECF No. 67, PageID

#605.) The document appears to be a communication between the parties from 2009. Without further explanation, the document does not appear to contain non-public or commercially sensitive information. Accordingly, the document may not be filed under seal or redacted. If Defendants provide further explanation by September 16, 2021 that satisfies the *Shane Group* standard, the Court may reconsider their motion with respect to this document.

## II.    Documents Designated Attorney's Eyes Only

Both parties also identified certain documents that were produced by the opposing party with an Attorneys' Eyes Only designation. These documents are those identified in List 2 in Defendant's motion ([ECF No. 67](#), PageID #606), those in List 4 in Plaintiff's motion ([ECF No. 68](#), PageID #611), those in List 6 in Plaintiff's supplemental motion ([ECF No. 69](#), PageID #614); and those in Lists 1 and 2 in Defendants' supplemental motion ([ECF No. 70](#), PageID #616–17). The parties seek to file these documents under seal or as the Court directs. The only reason the parties provide for seeking to seal these documents is that they were produced by the opposing party with an Attorneys' Eyes Only designation. That reason alone does not satisfy the *Shane Group* standard. *Best Value Auto Parts Distrib., Inc. v. Quality Collision Parts, Inc.*, No. 19-12291, 2020 WL 6887362, at *2 (E.D. Mich. Nov. 24, 2020); *E.G.O. Elektro- Gerätbau GMBH v. Ceramaspeed, Inc.*, No. 3:14-cv-61, 2016 WL 8577657, at *1–2 (E.D. Tenn. Oct. 13, 2016).

Therefore, the Court provisionally denies the motions with respect to the documents identified in the Lists identified above. The parties shall file the documents in those Lists on the public docket without redactions. However, the party

5

who produced the documents with the Attorneys' Eyes Only designation may move to redact or seal them within seven days of filing. Pursuant to *Shane Group*, the party seeking confidentiality must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support sealing. 825 F.3d 299 at 305–06. The Court will then review the sealed documents and issue a final ruling regarding the parties' request for sealing in accordance with *Shane Group*.

## CONCLUSION

For the foregoing reasons, as well as those stated in the parties' motions, and based on its independent review, the Court **GRANTS IN PART AND PROVISIONALLY DENIES IN PART** Plaintiff's motion and supplemental motion to file under seal (ECF No. 68; ECF No. 69) and Defendant's motion and supplemental motion to file under seal (ECF No. 67; ECF No. 70).

**SO ORDERED.**

Dated: September 15, 2021

　　　　　　　　　　　　　　　　　　J. Philip Calabrese
　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　Northern District of Ohio