UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GERLACH, INC., ) | Case No. 5:19-cv-01601 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| GERLACH MASCHINENBAU ) | |
| GMBH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff filed suit and asserted three claims against Defendants involving unfair competition in violation of the Lanham Act, trademark infringement, and deceptive trade practices. A fourth claim sought cancellation of Gerlach Maschinenbau GmbH's U.S. Supplemental Trademark Registration Number 5,667,018 for GERLACH, U.S. Trademark Registration Number 5,842,136 for GERLACH, and U.S. Trademark Registration 5,887,479 for Gerlach and Design. (*See generally* ECF No. 38.) On Defendants' motion (ECF No. 89), the Court granted summary judgment in favor of Defendants on the first three of these four claims (ECF No. 103), leaving only a claim for cancellation. Defendants did not seek summary judgment on Count 4. Following the Court's summary judgment ruling, the parties have not reached an agreement to resolve the remaining claim, leaving the cancellation claim for trial.

## JURISDICTION

In connection with scheduling the remaining claim for trial, Defendants argue that the Court lacks jurisdiction over the cancellation claim. (ECF No. 109.) In addition, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Hampton v. R.J. Corman R.R. Switching Co. LLC*, 683 F.3d 708, 711 (6th Cir. 2012) (quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)).

### I. Jurisdiction at the Outset of the Case

Jurisdiction is determined at the time of the filing of the complaint. *See, e.g.*, *Farmer v. Fisher*, 386 F.App'x 554, 557 (6th Cir. 2010) (per curiam) (citing *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006)). When Plaintiff filed suit, it asserted four claims against Defendants (the third was labeled as a second Count 2): (1) violation of the Lanham Act; (2) common-law trademark infringement and unfair competition under State law; (3) deceptive trade practices in violation of State law; and (4) cancellation of supplemental trademark registration No. 5,677,018. (ECF No. 1.) At the time of filing, the Court had federal question jurisdiction over Count 1 under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and exercised supplemental jurisdiction over the State-law claims under 28 U.S.C. § 1367. Therefore, the Court properly exercised jurisdiction at the time Plaintiff filed the complaint.

### II. Jurisdiction Following Summary Judgment

Because federal courts exercise limited jurisdiction, Article III of the Constitution demands that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk,* 422 U.S.

395, 401 (1975) (quoting *Steffel v. Thompson,* 415 U.S. 452, 459 n.10 (1974)). Therefore, post-filing events may deprive a federal court of jurisdiction where there is no longer an actual case or controversy between the parties. *See Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636 (Fed. Cir. 1991) (mooting a declaratory judgment action based on a party's statement of non-liability on a patent as forever estopping it from asserting patent claims), *rejected by Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 95 (1993).

To the extent Defendants suggest this principle deprives the Court of jurisdiction following the summary judgment ruling, such an argument misses the mark. In this case, the parties have a live case or controversy involving Count 4, which did not supply the sole basis for the Court's subject matter jurisdiction. Ordinarily, the Court's jurisdiction at the outset of the case would establish its jurisdiction notwithstanding summary judgment on less than all the claims.

**II.A. Jurisdiction and Section 1119**

Plaintiff asserts its cancellation claim in Count 4 under 15 U.S.C. § 1119, which confers power on federal courts to cancel trademark registrations. In relevant part, the statute provides: "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." Based on the language that a federal court has power over trademarks "in any action," courts recognize that this statute does *not* provide an independent source of federal jurisdiction. *Thomas & Betts Corp. v. Panduit Corp.*, 48 F. Supp. 2d 1088, 1093 (N.D. Ill. 1999). In other words, the

statute has long assumed an otherwise properly pled claim that provides a basis for federal jurisdiction. *Universal Sewing Mach. Co. v. Standard Sewing Equip. Corp.*, 185 F. Supp. 257, 260 (S.D.N.Y. 1960).

One reason for this rule is that a "request for dismissal of a cancellation proceeding pursuant to section 1119 ordinarily is made as a counterclaim in an infringement action." *Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008). Of course, a counterclaim cannot provide a basis for federal jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Whether asserted as a counterclaim or an affirmative claim as Plaintiff brought it here, nothing in the text of Section 1119 or the rule that it does not provide an independent basis for federal jurisdiction disturbs the principle that jurisdiction is determined at the outset of the case or otherwise divest a federal court of jurisdiction following a grant of summary judgment on other claims that provided the basis for jurisdiction.

### II.B. Defendants' Authorities

Defendants cite a string of cases from other district courts (and one decision from the Northern District of Ohio) to argue that, where only a cancellation claim remains after a dispositive motion, federal courts may no longer exercise jurisdiction. (ECF No. 109, PageID #1409.) But these authorities provide no support for Defendants' proposition that a summary judgment leaving only a cancellation claim divests a federal court of jurisdiction. Instead, they reinforce the basic principle that Section 1119 does not provide an independent basis for federal jurisdiction.

For example, in *Prakash v. Altadis U.S.A. Inc.*, No. 5:10-cv-0033, 2012 WL 1109918 (N.D. Ohio Mar. 30, 2012), the *pro se* plaintiff asserted eleven counts for antitrust violations, violations of the Lanham Act, and unfair competition under State law in addition to a claim for cancellation of a trademark. After dismissing all other substantive claims for lack of standing or failure to state a claim pursuant to Rule 12, the court turned to analysis of whether the plaintiff could proceed on the cancellation claim. Recognizing that "this count cannot be the sole basis for federal jurisdiction," the court noted that the cancellation claim was the only proper claim at the pleading stage and could not provide a basis for federal jurisdiction. *Id.* at *14. Therefore, the court dismissed the cancellation claim. *Id.*; *see also CEI Grp., LLC v. CEI Composite Materials, LLC*, No. 19-11611, 2021 WL 357018, *5–6 (E.D. Mich. Feb. 2, 2021) (dismissing cancellation claim after dismissal of fraud claim); *Toytrackerz LLC v. Koehler,* No. CIV.A. 08-2297-GLR, 2011 WL 3702970, at *5 (D. Kan. Mar. 25, 2011) (dismissing a cancellation claim for lack of jurisdiction following the plaintiff's dismissal of its infringement claim).

*Prakash* and the other authorities on which Defendants rely follow the leading case of *Universal Sewing Machine*. There, the plaintiff claimed common-law trademark rights and sought a declaratory judgment, damages for common-law unfair competition, an injunction, and cancellation of the defendant's federal registration pursuant to the Lanham Act. The cancellation claim provided the only basis for jurisdiction. After determining that the plaintiff lacked standing to assert its common-law claims, 185 F. Supp. at 259 n.1, the court concluded that it lacked

5

subject matter jurisdiction. In doing so, the court distinguished between actions in which a party relies solely on a cancellation claim for federal jurisdiction and those where a case or controversy over which the court has subject matter jurisdiction draws into question the validity of a mark. 185 F. Supp. at 259–60. But nothing in *Universal Sewing Machine* or the authorities on which Defendants rely suggests that the text of Section 1119 or its implementation in practice alters the rule that jurisdiction is determined at the outset of the case or requires a later redetermination of jurisdiction following summary judgment.

For these reasons, the Court determines that it has jurisdiction. Where the Constitution and Congress confer jurisdiction, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976) (citing *England v. Louisiana State Bd. of Med. Examiners*, 375 U.S. 411, 415 (1964)).

## EXHAUSTION

In the course of their argument, Defendants maintain that Plaintiff will suffer no prejudice from dismissal at this stage because it has a pending claim before the Trademark Trial and Appeal Board. (ECF No. 109, PageID #1491–92.) This argument also draws on *Universal Sewing Machine*. In discussing the Lanham Act, the court there held that, before a party seeking cancellation resorts to the courts, it must first exhaust administrative remedies. 185 F. Supp. at 259. But Defendants do not specifically argue that Plaintiff must exhaust its claims, only that it will suffer no prejudice from a determination that the Court lacks subject matter jurisdiction following its summary judgment ruling.

6

Based on the record, the Court cannot accept this argument. Plaintiff initiated a cancellation proceeding before the Board on March 7, 2019—several months before filing this lawsuit. The proceeding before the Board involves Trademark Registration Number 5,667,018, and the Board suspended that proceeding pending resolution of this action. Defendants argue that the issues in that proceeding overlap with those here. But this case involves additional registrations: U.S. Trademark Registration Number 5,842,136 for GERLACH and U.S. Trademark Registration 5,887,479 for Gerlach and Design. In this current posture, the Court declines Defendants' invitation to leave the balance of the parties' dispute to the Board. Further, the Board's jurisdiction is not exclusive, and the federal courts have concurrent jurisdiction over proceedings involving cancellation. *See, e.g.*, *Informix Software, Inc. v. Oracle Corp.*, 927 F. Supp. 1283, 1285 (N.D. Cal. 1996).

## CONCLUSION

For the foregoing reasons, the Court determines that it has jurisdiction. The Court will enter a separate order to govern the balance of pretrial and trial proceedings, including whether the trial will be to a jury, advisory jury, or the bench.

**SO ORDERED.**

Dated: August 5, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio

7